IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DISTRICT

| | | |
|---|---|---|
| THE FIREGUARD CORPORATION | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. AW-06-0541 |
| EVEREST INDEMNITY INSURANCE CO. | * | |
| Defendant. | * | |

****

## MEMORANDUM OPINION

The Fireguard Corporation ("Fireguard" or "Plaintiff") brings this action against Everest Indemnity Insurance Company ("Everest" or "Defendant") for declaratory judgment and damages for breach of contract seeking a declaration that Everest is obligated to indemnify Fireguard for certain costs and expenses Fireguard has incurred. Defendant has responded to Plaintiff's Complaint with this Motion to Dismiss [3]. The Court has reviewed the entire record, as well as the pleadings with respect to the instant motion. No hearing is deemed necessary. *See* Local Rule 105.6 (D. Md. 2004). For the reasons stated below, the Court will DENY Defendant's Motion to Dismiss.

## FACTUAL & PROCEDURAL BACKGROUND

The following facts are taken in the light most favorable to the non-movant. Fireguard, a Maryland Corporation, entered into a subcontract on or about February 25, 2004, with Donohoe Construction Company ("Donohoe"), the general contractor, to provide shop drawings and construction of a Fire Sprinkler System for a project known as the Wilton House at Merrifield ("Wilton House") in Fairfax County, Virginia. Fireguard prepared the shop drawings for the system.

1

The authority having jurisdiction ("AHJ") approved the plans prepared by Fireguard. During the pre-closing stages of construction, the AHJ inspected the system for conformity with the approved plans, applicable codes, and functional requirements. As a result, the AHJ advised Fireguard that the plans conformed to the applicable code.

However, after each floor was already closed in and inspected for use and occupancy approvals, the building inspector informed Donohoe the sprinkler system plans were actually not code-compliant and the project would not receive a use and occupancy permit. Fireguard sought a code exception, which the AHJ apologized for its error but refused to grant. As a result, Donohoe made a claim against the Plaintiff, holding Fireguard responsible for all the costs associated with the delay and making the system code-compliant. As a result of the erroneous plans prepared by Fireguard, Donohoe, through a deductive change order issued on July 19, 2005, has withheld approximately $80,000.00 to cover the increased costs and damages incurred (i.e. removing, replacing, and painting drywall, removing and replacing carpentry, protecting other finished work, cleaning, and general conditional costs associated with the additions to the existing system).

In order to satisfy the AHJ, and bring the system in compliance with the code, Fireguard has supplied the materials and paid a subcontractor to add on to the as-built sprinkler system. Fireguard maintains it has incurred in excess of $40,000 in costs associated with the additions to the existing system. Fireguard further alleges that because Donohoe has withheld the sums due under the contract as compensation for the damages suffered by Donohoe, these amounts constitute compensatory damages because of an act, error, or omission of Fireguard in the preparation of the Fireguard Sprinkler System plans under the Insurance Policy. Moreover, Plaintiff asserts that Everest is obligated to indemnify them as a result of the Wilton claim. Fireguard presented its claim

to Everest on, or before, May 6, 2005. The claim was rejected by Everest and its coverage counsel.

Fireguard and Everest entered into an insurance contract for Commercial General Liability ("CGL"), and other insurance coverage, for which Fireguard paid all required premiums.[1] The applicable period for the policy was December 1, 2003 to December 1, 2004. An Errors and Omissions Liability Coverage Endorsement ("E&O Endorsement") to this policy was also executed by Fireguard. Although the CGL portion of the Insurance Policy has its own definitions of pertinent terms of art, the E&O Endorsement modifies the CGL section.[2] Plaintiff claims that under the E&O Endorsement, Everest is responsible for paying sums that the insured is obligated to pay as compensatory damages due to an act, error or omission. Furthermore, Plaintiff alleges that the Policy does not indicate any specific type of injury that triggers coverage under the E&O Endorsement. Plaintiff further claims under the E&O Endorsement, the definition of the term "occurrence" is amended.[3] In addition, Plaintiff contends the E&O Endorsement provides that the insurance applies to an act, error, or omission only if: (1) the act, error, or omission takes place in

---

[1] The entire insuring agreement, including both the CGL and the E&O Endorsement, is referred to as the "Insurance Policy."

[2] **A. SECTION I - COVERAGES** is amended by adding the following language:
**ERRORS AND OMISSIONS LIABILITY COVERAGE.**
**1. Insuring Agreement**
**a.** We will pay those sums that the insured becomes legally obligated to pay as compensatory damages ... [h]owever, we will have no duty to defend the insured against any "suit" seeking damages for an act, error or omission to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result ....

[3] **ERRORS AND OMISSIONS LIABILITY COVERAGE**
"Occurrence" means only an actual or alleged act, error or omission. [E&O Endorsement, p. 6 of 6]

3

the "coverage territory"; (2) the act, error, or omission occurs during the policy period; (3) [No insured had notice of the occurrence prior to the policy]; and (4) the act, error, or omission occurs in the conduct of the Named Insured's operations [E&O Endorsement, Insuring Agreement, Section 1.b., p. 1 of 6].

Therefore, Plaintiff alleges that the Wilton Claim, including the underlying allegation therein, falls within the definition of "occurrence" under the E&O Endorsement and meets all criteria set forth in the E&O Endorsement. Plaintiff maintains that because all contingencies of the Policy have been met per the E&O Endorsement, and no exclusions vitiate coverage, Everest is required to pay all sums that Fireguard became obligated to pay as compensatory damages because of the alleged act, error, or omission that is the subject of the Wilton Claim. Moreover, Fireguard asserts that it has given proper and adequate notice of the Wilton Claim to Everest and has demanded that Everest acknowledge its obligations and indemnify Fireguard as required by the insurance contract. On May 5, 2006, in response to Plaintiff's Complaint, Defendant filed a Rule 12(b)(6) Motion to Dismiss. The motion is ripe and ready for resolution, and the Court now issues this opinion.

## STANDARD OF REVIEW

### I.  Declaratory Judgment

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction, ... any court of the United States, upon filing of appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). However, the Declaratory Judgment Act "does not provide a source of jurisdiction which is independent of substantive federal law."

*Gibraltar, P.R., Inc. v. Otoki Group, Inc.*, 104 F.3d 616, 619 (4th Cir. 1997) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 16-17 n. 14 (1983).

The United States Court of Appeals for the Fourth Circuit has held that "district courts have great latitude in determining whether to assert jurisdiction over declaratory judgment actions." *Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co.*, 139 F.3d 419, 422 (4th Cir. 1998); *see also Wilton v. Seven Falls Company*, 515 U.S. 277, 286 (1995); *Brillhart v. Excess Ins. Co. of America*, 316 U.S. 491, 494-95 (1942) (discussing a district court's exercise of discretion when there is a state suit involving the same parties and state law issues). In addition, the Fourth Circuit has provided guidance on the exercise of this discretion. Declaratory judgment should not be used "to try a controversy by piecemeal, or to try particular issues without settling the entire controversy, or to interfere with an action which has already been instituted." *Aetna Cas. & Sur. Co.* 139 F.3d at 422 (quoting *Aetna Cas. & Sur. Co. v. Quarles*, 92 F.2d 321, 325 (4th Cir. 1937)).

In an action seeking declaratory judgment, there is still a requirement imposed by Article III of the Constitution that there be a case or controversy. *See Rental Tools & Equipment Co. Intern., Inc. v. Marsh & McLennan, Inc.*, 1989 WL 234697, *4 (D. Md. Sept. 25, 1989). Although this determination can be difficult for declaratory judgment actions, "[b]asically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273 (1941).

**II.     Motion to Dismiss Under Rule 12(b)(6)**

Under Rule 12(b)(6), dismissal of a complaint for failure to state a claim is not appropriate

"unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  In determining whether to dismiss a complaint pursuant to Rule 12(b)(6), this Court must view the well-pleaded material allegations in the light most favorable to the plaintiff and accept the factual allegations contained within the plaintiff's complaint as true. *See Flood v. New Hanover County*, 125 F.3d 249, 251 (4th Cir. 1997) (*citing Estate Constr. Co. v. Miller & Smith Holding Co., Inc.*, 14 F.3d 213, 217-18 (4th Cir. 1994)); *Chisolm v. TranSouth Finan. Corp.*, 95 F.3d 331, 334 (4th Cir. 1996).

The Court, however, is "not bound to accept as true a legal conclusion couched as a factual allegation." *See Papasan v. Allain*, 478 U.S. 265, 286 (1986) (citing *Briscoe v. LaHue*, 663 F.2d 713, 723 (7th Cir. 1981)); *Young v. City of Mount Ranier*, 238 F.3d 576, 577 (4th Cir. 2001) (the mere "presence ... of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6)").  Nor is the Court "bound to accept [Plaintiff's] conclusory allegations regarding the legal effect of the facts alleged." *United Mine Workers of Am. v. Wellmore Coal Corp.*, 609 F.2d 1083, 1085-86 (4th Cir. 1994); *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). Thus, a complaint may be dismissed as a matter of law if it lacks a cognizable legal theory *or* if it alleges insufficient facts to support a cognizable legal theory. *See Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 533-34 (9th Cir. 1984) (citing 2A J. Moore, Moore's Federal Practice ¶ 12.08 at 2271 (2d ed. 1982)).

**ANALYSIS**

<u>Count I - Declaratory Relief</u>

In Count I of the Complaint, Fireguard seeks a declaratory judgment that Everest is obligated

6

to Fireguard under the Insurance Policy. Specifically, Fireguard seeks a determination that Everest must reimburse Fireguard for the costs incurred to date to the limits of the Policy, for all sums Fireguard paid as damages in connection with the Wilton Claim, and costs related to the filing of this lawsuit for enforcement of the insurance contract. (Compl. ¶ 42.) Although the Defendant does not address the issue of declaratory judgment, Everest opposes Fireguard's Complaint, generally, alleging that Fireguard fails to state a claim upon which relief can be granted, and merely requests that the Court dismiss the Complaint.

Under the Insurance Policy, Fireguard may be entitled to a declaratory judgment regarding the parties' rights and obligations. *See Continental Cas. Co. v. Fuscardo*, 35 F.3d 963, 965-66 (4th Cir.1994) (stating that declaratory relief is appropriate when it "(i) will serve a useful purpose in clarifying and settling the legal relations in issue, and (ii) will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding") (internal quotation omitted). Therefore, at this early stage for a motion to dismiss, considering Everest has failed to set forth any specific reasons or claims opposing Count I of Fireguard's Complaint as to Declaratory Judgment, the Court has not been persuaded by the Defendant to dismiss the claim. Therefore, the Court will DENY Defendant's Motion to Dismiss as to Count I - Declaratory Relief.

Count II - Breach of Contract

Plaintiff alleges that the Insurance Policy at issue is a contract, where Fireguard is the Insured under the contract. Plaintiff claims that it is entitled to the benefit of this insurance contract because it incurred substantial costs and expenses with regard to the Wilton Claim. Fireguard asserts that Everest has breached its contractual obligations by failing to provide Fireguard with the indemnification of the costs and damages pursuant to the terms of the Insurance Policy. In addition,

Fireguard argues that it has been damaged by the breach in the amount of costs, including, but not limited to, indemnity costs, costs related to attempts to enforce the insurance contract, and filing costs associated with this lawsuit for enforcement of the insurance contract. Furthermore, Fireguard seeks its reasonable attorney's fees in bringing this action and pre-judgment interest.

Under Maryland law,[4] in order to state a claim for breach of contract, a plaintiff must allege "with certainty and definiteness facts showing a contractual obligation owed by the defendant to the plaintiff and a breach of that obligation by the defendant." *Continental Masonry Co., Inc. v. Verdel Constr. Co., Inc.*, 369 A.2d 566, 569 (Md. 1977). At this stage, Fireguard does not have to forecast evidentiary support for its allegations. Under the federal standard of notice pleading, a plaintiff need only "set forth enough details so as to provide defendant and the court with a fair idea of the basis of the complaint and the legal grounds claimed for recovery." *Karpel v. Inova Health Systems Services*, 134 F.3d 1222, 1227 (4th Cir. 1988), *(*quoting *Self Directed Placement Corp. v. Control Data Corp.*, 908 F.2d 462, 466 (9th Cir. 1990)).

Under the liberal standards of notice pleading, Plaintiff has sufficiently stated a breach of contract claim. In paragraphs 23-25 of the complaint, Plaintiff alleges the existence of an Insurance Policy between Fireguard and Everest for General Liability and other insurance coverage reached by the parties for the applicable period for December 1, 2003 to December 1, 2004. In paragraphs 26-31, Plaintiff identifies the specific policy clauses under which Fireguard is seeking to recover

---

[4]A Federal Court sitting in diversity jurisdiction applies the choice of law provisions of the forum state, which in this case is Maryland. *See Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487 (1941). Absent a choice-of-law provision in a contract, Maryland adheres to the doctrine of *lex loci contractus,* under which the law of the jurisdiction where the contract was made controls its validity and construction. *See Kramer v. Bally's Park Place, Inc.*, 535 A.2d 466, 467 (Md. 1988). Here, the parties are in agreement that the contracts *sub judice* are governed by Maryland law.

damages. Plaintiff also alleges that Everest did not fulfill these contractual obligations, thereby breaching the contract. Plaintiff's Complaint provides Defendant with fair, proper, and adequate notice of the Wilton Claims and has demanded that Everest acknowledge its obligations and indemnify Fireguard as required by the insurance contract. Fireguard further claims that because these obligations have not been accepted by Everest, it has breached its duties under the Insurance Policy and has injured Fireguard because such failure has required Fireguard to expend sums for its liabilities arising from the Wilton Claim.

From a review of the pleadings generated up to this point, it appears that there are issues in reasonable dispute. Plaintiff avers that the costs sought for reimbursement fall with the endorsement's coverage for an act, error, or omission while performing services. On the contrary, Everest posits that not only are the costs sought to be reimbursed not within the scope of coverage under the endorsement but the exclusions also preclude coverage of the asserted costs.

Although Everest asserts that Plaintiff's claims as a matter of law fail to come within the insuring provisions and also fall within several policy exclusions that ultimately excludes coverage, the Court cannot at this juncture conclude that the allegations pled in Plaintiff's Complaint are insufficient to state a claim for breach of contract. Whether the E&O Endorsement, or any other provision, is part of the contract has yet to be determined. However, Fireguard's allegations as to what constituted the contract and its breach are sufficient to state a claim. Accordingly, the motion to dismiss, as to Count II - Breach of Contract, is also denied.

## CONCLUSION

For the reasons stated above, the Court will DENY Defendant's Motion to Dismiss [3]. Defendant is directed to Answer or otherwise respond to Plaintiff's Complaint. Meanwhile, the

Court will issue a scheduling order.  An Order consistent with this Opinion shall follow.


November 30, 2006                                         /s/
Date                                                Alexander Williams, Jr.
                                                    United States District Court